HejtdersoN, Chief-Justice.
 

 I feel it a duty to myself and the profession, to revise what was said in the case of
 
 Falconer
 
 v.
 
 Jones (ante
 
 334). Not that I am dissatisfied with the judgment pronounced in that case. ¿But it may be understood from what was then said, that it is a sufficient plea to the
 
 scire facias,
 
 for the defendant to show, that he
 
 may
 
 have rights, paramount to the plaintiff and defendant in the original action, and is therefore not concluded by the judgment. I am satisfied, that it is not sufficient to show that the defendant
 
 may
 
 have a paramount title to the plaintiff; but he must
 
 allege, and therefore show
 
 if required, that his title
 
 is
 
 paramount. In that case therefore, it was not sufficient for
 
 Jones
 
 to have alleged and shown, that lie'was a purchaser at an execution sale
 
 pendente lite,
 
 but he should have gone on and shown, that the title of the plaintiff was of that character, that although good against the defendant
 
 Holloway,
 
 yet it was not so as to the creditors of the defend
 
 *340
 
 ant’s intestate, in whose right the suit was defended. That as to those creditors it was fraudulent, or otherwise defective against
 
 them ;
 
 or rather that creditor, to whose rights he was substituted by his purchase at the sheriff’s sale ; as that confesses and avoids the recovery, and shows its want of obligation on him. But the decision in that case is sustained by the plea, that the judgment, endeavored to be enforced against the defendant, was
 
 fraildulenttij
 
 obtained. For it is to fair and
 
 Iona fide
 
 judgments, and not to fraudulent ones, that the right of their enforcement against purchasers
 
 pendente lite
 
 is given. For no obligation, either legal or moral, withholds one from setting up his vendor’s title, against him who has fraudulently combined with his vendor to weaken or destroy it, after he has conveyed the property to him. No principle of policy or convenience requires, that such judgment should conclude his rights. But the case before us does not depend on these principles. Here the defendant’s possession, or rather the sheriff’s, under whom he claims, commenced before the commencement of this suit. For
 
 Cooke,
 
 after the sheriff’s levy, became his bailee at will. He had no possession as against the sheriff; and therefore the defendant did not acquire the possession after suit brought. It is connected with the sheriff’s possession, which commenced by the levy
 
 ;
 
 and
 
 non constat,
 
 that the defendant’s title did not ai'ise entirely after the levy. In that suit it was sufficient to show a title against the defendant.
 

 -•
 
 pendentetitenihil inmvelur,
 
 is not ñ-audulentjudg-ments.
 

 Per Curiam — Judgment aeeirmed.